SMITH v. LAFFERRY.

FORCIBLE ENTRY AND DETAINER—*Actions of, distinct.*—The actions of Forcible Entry and Forcible Detainer, as provided for in our system of practice, are separate and distinct actions.

FORCIBLE ENTRY—*What necessary to show.*—In an action of forcible entry it is necessary to show that the defendant did actually enter into the lands or tenements of the plaintiff, without the consent of the person having the possession *in fact* of the premises.

FORCIBLE DETAINER—*What must appear.*—In an action of forcible detainer it must appear on the face of the warrant, in some way, that the relation of landlord and tenant exists, or existed between the plaintiff and defendant, said to have been in possession, at the time of the entry.

ACTIONS OF—*Cannot be joined.*—The actions of forcible entry and forcible detainer cannot be joined so that a warrant for forcible entry can be the foundation for a verdict of forcible detainer; in the one, force is the gist of the action; the other is founded on a breach of contract.

APPEAL FROM JOHNSON CIRCUIT COURT.

Hon. WILLIAM N. MAY, *Circuit Judge.*

*Clark & Williams* and *Floyd & Cravens,* for Appellant.
*English, Gantt & English,* for Appellee.

BENNETT, J.—This is an action of forcible entry, instituted, by the appellee against the appellant, before a Justice of the Peace of Johnson county, to recover the possession of certain lands. A verdict of not guilty was rendered. Appellee filed traverse and appealed to the Circuit Court; judgment for the appellee—motion for a new trial, which was overruled, and appellant appealed to this court.

The motion for a new trial contained six different causes for setting the verdict aside:

*First,* Because the verdict is not sustained by sufficient evidence.

*Second,* Because the verdict is contrary to law.

*Third,* Because the court erred in giving the instructions to the jury, asked by the plaintiffs, against the objection of the defendant.

*Fourth,* Because the court erred in refusing to give the first and third instructions asked by the defendant.

*Fifth,* Because the court erred in giving the first and third instructions asked for by the defendant, as altered by, and modified by the court.

*Sixth,* Because the court erred in refusing to give to the jury the fourth instruction asked by the defendant.

For the purpose of disposing of the case, as far as this court is concerned, we have only to consider the first two reasons assigned for a new trial, viz: That the verdict is not sustained by evidence, and is contrary to law.

Forcible entry is defined by the Code of Practice to be, " An entry into lands or tenements without the consent of the person having the possession, *in fact,* of the premises."

It is well known that the practice act, from which the above definition is taken, is, in the main, but a copy of the Kentucky Code. Adjudications, therefore, had in that State, since its adoption, as to its construction, are entitled to great weight.

In the case of *Hunt vs. Wilson,* 14 *Ben. Monroe,* 46, it was held that " The only legitimate inquiry upon a warrant for a forcible entry by the defendant, upon the lands occupied by the plaintiffs, is, whether the defendant entered upon the land which, at the time of such entry, was in the *actual possession* of the plaintiffs."

It is true, this decision was rendered under the statute of Kentucky passed in 1810. The 17th section of which reads as follows: " The forcible entry intended by this, is, and shall be, an entry with or without multitude of people, against the will, or without the assent of the person or persons who, at the time of such entry, have the possession, *in fact,* of the premises, into which such entry may be made."

But in the case of *Belcher vs. Bennett,* 4 *Met.,* 308, it was held, "that the provisions of the Code, regulating proceedings in cases of forcible entry and detainer, are a substantial enactment of the Act of 1810." Therefore, the decision in the case

of *Hunt vs. Wilson*, has as much weight as though rendered since the adoption of the Code.

The actions of forcible entry and forcible detainer, as provided for in our system of practice, are separate and distinct. On forcible entry, it is necessary to show that the defendant did actually enter into the lands or tenements of the plaintiff, without the consent of the person having the *possession, in fact*, of the premises.

In *Fowler vs. Knight*, 10 *Ark.*, 43, it was held that, "to maintain the action of forcible entry and detainer, the plaintiff is *not* bound to show that he was in actual possession of the premises when the defendant entered." But in a later case; *McGuire vs. Cook*, 13 *Ark.*, 448, the court says, "upon the facts in the case of *Fowler vs. Knight*, which was forcible entry and detainer, the decision was doubtless correct; but so far as it may be infered from the opinion in that case, that this action may be maintained upon a constructive possession, *i. e.*, that the title draws to it the possession as of personalty, or that where the entry is peaceable, if made without color of title, the law will imply force, or that the plaintiff may recover by showing his right to the possession, without showing that he had the possession, and lost it by means of the defendant's entry, or that by making the affidavit and giving the bond required, this summary proceeding may become a substitute for the action of ejectment, the court declares that such is not the law."

While these decisions were made under the old statute, we must hold that the principles are the correct ones.

In forcible detainer it must appear, on the face of the warrant in some way, that the relation of landlord and tenant exists, or existed between the plaintiff and defendant, said to have been in possession, at the time of the entry.

Tried by these criterions how stands the case at bar?

Conceding the fact that the defendant below, the appellant here, was in actual possession of the tract of land, as stated in the warrant, which by no means has been conclusively proven,

and conceding further, that the parol contract of rent, alleged to have been made for two years, was null and void as to the year 1870, the last of the two years, by reason of its being in derogation of the statute of frauds, still the plaintiff below, the appellee here, has failed to sustain his action.

Was he, Lafferry, in *actual possession*, or had he the *possession in fact*, at the time of the alleged forcible entry of the defendant, Smith, viz: on the 14th day of December, 1869, or as the time would have been alleged by the amended warrant, January 1st, 1870.

This question of possession is the paramount one, yet the testimony does not disclose this fact, but, on the contrary, clearly shows that Smith, the appellant, for the year 1869, was the tenant of Lafferry and, by virtue of a contract for rent, did enter upon and take possession of the old field on the s½ of nw¼, and the sw¼ of the ne¼ of section 24, township 8 north, range 24 west, and held the same for that year.. This is sworn to by the plaintiff, Lafferry himself, and he further says, "the defendant was entitled to the possession thereof, under the contract, for the whole of the year of 1869."

It is evident, then, the entry could not have been forcible; nor could the plaintiff have been in *actual possession* at this time. From the declarations of law, as laid down in the instructions given by the court below, it must have thought that it was only necessary for the plaintiff to have shown that he had title to the land in question, and had not given the defendant permission to enter upon it, in order to maintain this action. But this is erroneous. This is not the proper proceeding to try questions of title, but that of possession, and of possession only, where the plaintiff has been dispossessed by the acts of the defendant.

As to this case, as it would have been presented in an action of forcible detainer, we, at present, desire to say nothing. Suffice it to say, that these two actions cannot be joined, at least, a warrant for forcible entry cannot be the foundation for a verdict of forcible detainer. In the one, force is the

4

gist of the action; the other is founded on a breach of contract. Yet, the court below has treated this case as though there was no difference, but that they might be commingled. For these reasons, judgment is reversed.