CRAWFORD VS ALEXANDER ET AL.

Opinion delivered October 19, 1904.

1.  *Pleadings—Amendment Changing Cause of Action—Forcible Entry to Unlawful Detainer, not Allowed.*

An amendment of the pleadings changing the cause of action is not allowed, when the change is from an action upon a tort to one upon contract, as from forcible entry and detainer to unlawful detainer. An amendment presenting a new cause of action can only be allowed when the new cause could have been joined with the one previously pleaded.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Eliza Alexander and others against Henry Crawford. Judgment for plaintiffs. Defendant appeals. Reversed.

This is an action of forcible entry and detainer, brought by the plaintiffs (appellees) against the defendant (appellant) to recover the possession of the premises sued for. The complaint was in the usual form, and the affidavit was in conformity to the statute. Bond was executed by plaintiffs, and a writ of possession issued. The defendant executed a retaining bond, and filed his answer, in which he specifically denied each and all of the allegations of the complaint. Thereafter, by leave of the court, the plaintiffs filed an amended complaint, in which they changed their original complaint from an action of forcible entry and detainer to a action of unlawful detainer. The defendant thereupon filed motion to quash the writ of possession issued, which was founded upon the complaint and affidavit originally filed, on the ground that the amended complaint presented an entirely new and distinct issue, and a new cause of action, being an abandonment of the issue on which the writ was issued. This motion was overruled, and the defendant then filed a plea in abatement. The plea sets up that, the plaintiffs having first filed a complaint and causing a writ of possession to issue thereon, in which the grounds for recovery were based on the statute of forcible entry and detainer, and thereafter having filed an amended complaint in which they abandoned that issue and set up unlawful detainer, that this was an amendment changing the cause of action, which, it is claimed, cannot be done. The court decided against the defendant on this plea, and overruled the same. The defendant then filed an amended answer, in which he retains his plea in abatement, denies specifically the allegations of the amended complaint, and avers that his pos-

session of the premises was not obtained through plaintiffs' lessee, but from an entirely different source. The case was tried to a jury, and verdict rendered for plaintiffs. Motion for new trial filed and overruled. Judgment for plaintiffs, and an appeal prayed and granted.

*Cruce, Cruce & Bleakmore,* for appellant.

*Potter, Bowman & Potter,* for appellees.

CLAYTON, J. The appellant, in his assignment of errors, filed six specifications, the first two only of which we deem necessary to consider. They are: "First. The court erred in overruling the motion to quash the writ of possession. Second. The court erred in overruling the plea in abatement." These two may be considered together. The question is, can a complaint alleging forcible entry and detainer be amended to one alleging unlawful detainer? The Supreme Court of Arkansas has decided two important points on this statute: First, that forcible entry and detainer and unlawful detainer are two distinct and separate causes of action, and cannot be joined in one complaint (Smith vs Lafferry, 27 Ark. 46); and, second, that unlawful detainer is founded on a breach of contract, while forcible entry and detainer is a tort pure and simple. Johnson vs West, 41 Ark. 536. In the latter case the court say: "Unlawful detainer is a remedy provided by statute for the benefit of landlords against tenants who hold over after the expiration of their terms. It is founded on the breach of a contract, implied by law, if not expressed, that the tenant shall restore a permissive possession to the hands from which it was received. * * * But a forcible entry and detainer is a tort pure and simple. Force is the gist of the action. It is a remedy designed to protect the actual possession, whether rightful or wrongful. It must accordingly be shown that the defendant did enter without the consent of the

person having the possession in fact of the premises, and that such original entry or subsequent holding of possession was with force and strong hand." The statute (section 5014, Mansf. Dig. section 3219, Ind. Ter. St. 1899) provides for the joinder in one complaint of many different causes of action, but does not permit the joinder of one arising out of contract with one arising from a tort; and this can no more be done by amendment than by the original complaint. In this case the cause of action arising from the tort, as set up in the original complaint, was, by the amendment, absolutely abandoned, and eliminated from the suit, and the one arising out of contract was substituted for it; and when the original cause of action was thus eliminated there was nothing left to amend to; the amended complaint nowhere mentions the forcible entry, but, on the contrary, alleges that the entry was lawful. However liberally the courts may construe the statute of amendments, it seems quite certain they cannot allow, by amendment, a cause of action which could not have been joined in the complaint with the original one, to be substituted for it. Mr. Bliss, in his work on Code Pleading (section 429), says: "It would be impossible to say when—to describe all the occasions in regard to which—amendments should be allowed. It is easier to indicate some cases where they are not allowable. The general language of the statute embodies—and perhaps, makes a little more specific—the powers that had been before acted upon by the courts, and, except when the decision was controlled by the mere forms of action, the old authorities may still be looked to for guidance. At common law an amendment changing the form of the action is sometimes allowed and sometimes not. It seems to be altogether discretionary; but an amendment by the plaintiff, so as to state an entirely new cause of action, is not allowed, either in actions at law or in suits in equity. A party, under the privilege of amending is not permitted to introduce matter which would constitute a new bill. It is commonly said that the plaintiff must have something to amend by; that the writ or previous

pleading must show that the cause of action presented in the new pleading is the same as that upon which the action was originally based. But the court will be 'liberal in allowing them, when the cause of action is not totally different'; 'should be liberal in allowing amendments, to the end that cases may be fully and fairly presented on their merits.' 'The power of amendment of pleadings is great under the Code. The real limitation seems to be that the amendment shall not bring a new cause of action.' " And when the action is charged by the amendment from one arising on a tort to one arising out of contract it certainly "brings a new cause of action." We think the test is that, when the amendment presents a new cause of action, such as under the statute (section 5014; section 3219), could have been joined with the one set out in the complaint, if not inconsistent with it, or otherwise objectionable, it should be allowed. But, if the amendment brings in a new cause of action that is not provided for by the statute as being one that could have been joined with the original cause set out in the complaint, it should be disallowed. And the amendment in this case falls under the latter head. When this plaintiff discovered that the entry was peaceable, and under a rental contract the term of which had ended, the complaint for forcible entry and detainer should have been dismissed, the writ quashed, and a new cause of action brought for unlawful detainer.

In our opinion, the court below erred in dismissing the plea in abatement, and therefore the judgment is reversed, and the cause remanded.

RAYMOND, C. J., and GILL, J., concur.